## MELLETTE FARMERS' ELEVATOR CO. v. H. POEHLER CO.

District Court, D. Minnesota, Fourth Division. April 12, 1927.

Receivers ⊂═147—Surety, required to pay liability and interest thereon, is entitled to claim against receivership of principal only for face of bond.

Where surety on grain shipper's bond denied liability thereunder and in suit by receiver for principal was compelled to pay full amount of bond with interest from date of demand, it is entitled to allowance of claim against receivership only for face value of bond, and not for interest allowed thereon, since it had use of money during time it was withheld, and in the eyes of the law all that was paid was full value for face of bond on date of payment.

In Equity. Suit by the Mellette Farmers' Elevator Company against the H. Poehler Company. On motion of the Fidelity & Deposit Company of Maryland for the allowance of a claim against receivership. Claim allowed in part.

This cause came on to be heard at a special term of this court at Minneapolis on Saturday, the 9th day of April, 1927, on the motion of the Fidelity & Deposit Company of Maryland, an unsecured and general creditor, for the allowance of its claim in the sum of $30,547.66, and for an order requiring the receiver to pay it whatever dividend has been declared and paid on claims that have been filed and allowed, and in the future to pay it such dividends as shall be declared and paid to general creditors.

Cobb, Wheelwright, Hoke & Benson, of Minneapolis, Minn., for the motion.

H. V. Mercer and Elias J. Lien, both of Minneapolis, Minn., for receiver.

JOHN B. SANBORN, District Judge. On the 11th day of February, 1927, an order was made in this matter granting to the Fidelity & Deposit Company leave to file a petition in intervention, asking for the allowance of its claim against the receivership, as an unsecured and general creditor, in the sum of $30,547.66. It appears that the receiver has taken the position that its claim can only be allowed in the sum of $25,000, which was the full penalty of the bond given by it, as surety of the H. Poehler Company, for the protection of shippers. The question before the court, then, is whether the claim of the bonding company should be allowed in the sum of $25,000 or in the sum of $30,547.-66 with interest from February 15, 1926.

The facts, so far as material to the determination of the question, are these: The bond was given on the 8th day of June, 1921. Sweet was appointed receiver October 7, 1921. On April 21, 1922, he commenced an action upon the bond, attaching to the complaint a list of the consignors of H. Poehler Company and the amounts of their claims. At the time he commenced the action, he had authority from the consignors to bring the suit and to collect the amounts due them under the bond. On the 16th day of August, 1924, a class suit was brought by the Mellette Farmers' Elevator Company for the benefit of these same claimants. The bonding company denied liability in each of these cases, and the cases were finally consolidated for trial. The court eventually held that the bonding company was liable to each consignor for his pro rata share of $25,000, plus interest at six per cent. per annum from the date upon which the demand was made; that, as to all such consignors as had authorized the receiver to bring the action which was commenced on the 21st day of April, 1922, it was liable for interest from that date, on

the theory that such suit constituted a sufficient notice of default. The total amount in interest which the bonding company was required to pay was $5,547.66.

The theory of the bonding company now is that, under its implied agreement of indemnity, it is entitled to file its claim for the full amount of the penalty of the bond plus interest, claiming that it would not otherwise have full indemnity, and that any delay was due to no fault on its part. It is probably true, as a practical matter, that the bonding company was justified in withholding payment until a decree of this court determining what its liability was to each consignor, this for the reason that it was difficult for the bonding company to ascertain how many consignors had claims against it, and because some, at least, of the consignors were located in other states. Theoretically, however, when notice of default was given to it on the 21st day of April, 1922, it could have satisfied its liability by payment of the $25,000 either to those who were entitled to it, or by paying it into court for their benefit, and thus have avoided the payment of interest, and it is not at all certain that, from a practical standpoint, that could not have been done. In any event, at the time the receiver was appointed and up to the time that notice of default had been given, the full liability of the bonding company was no greater than the penalty upon the bond.

Interest in cases of this kind is allowed, not so much as a penalty for the withholding of money, as to represent the value of the use of the money to the one who withholds it. Taking this view of the situation, the value to the bonding company of the use of the $25,000 which it owed on April 21, 1922, from that date to February 15, 1926, is $5,547.66. In other words, the $30,547.66 represented the value on February 15, 1926, of $25,000 which should have been paid April 21, 1922, and in the eyes of the law all that the bonding company paid was merely the full value of what it owed on the latter date. If it had paid the $25,000 when notice of default was first given, the full amount of its claim could only be $25,000. It cannot now claim that, because of its denial of liability and the consequent delay occasioned thereby, it is entitled to file its claim with the receivership, not only for the amount which it then owed, but also the interest which it was required to pay as the value of the use of the money during the time it was withheld. This same principle is enunciated in the case of Maryland Casualty Co. v. Omaha Electric

Light & Power Co. (C. C. A.) 157 F. 514, 519, in which the court said:

"The fallacy rests in a failure to recognize the advantage which the appeal gave the plaintiff. By reason of it plaintiff was permitted to retain and use the $5,000, which otherwise would have been paid out by it. The value of the use is equal to the accrued interest, that being only a consideration paid for the use of money or for forbearance in demanding it when due. Accordingly the assured lost nothing by the delay occasioned by the appeal or by paying the interest which accumulated pending the appeal. The assured stood after paying the interest exactly as it would have stood if it had paid the judgment of $5,000 on January 3, 1902, when originally rendered. Nothing was lost by the appeal, as the interest ultimately paid was neutralized by the use and enjoyment of the money before that time."

It is therefore ordered that the claim of the Fidelity & Deposit Company of Maryland, as an unsecured and general creditor, against the receivership be allowed in the sum of $25,000, and that it receive upon its claim from the receiver herein forthwith the same dividends as have heretofore been declared and paid to other general creditors, and that it also receive such future dividends as shall be declared and paid.